UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

MAURICE PATRICK,

    Plaintiff,

v.

WILLIAMS AND ASSOCIATES,

    Defendant.

No. CV-06-0149-FVS

ORDER DENYING MOTION FOR RECONSIDERATION

**THIS MATTER** comes before the Court on the Plaintiff's Motion To Reconsider, Ct. Rec. 71.  The Plaintiff is proceeding pro se.  The Defendant is represented by J. Scott Miller.

**BACKGROUND**

On October 9, 2007, the Court granted the Defendant's motion for summary judgment.  Judgment was entered on October 16.  On October 29, the Defendant filed its bill of costs.  The Office of the District Court Executive denied the Defendant's request and informed defense counsel that requests for attorney's fees must be addressed to the district court.  Three days later, defense counsel moved for an award of reasonable attorney's fees.

The Court granted the Defendant's request on May 16, 2008.  In so doing, it rejected the Plaintiff's argument that the Defendant's request for attorney's fees should be denied as untimely.  The Court explained that the Defendant's original request for attorney's fees,

ORDER DENYING MOTION FOR RECONSIDERATION- 1

contained in its improperly filed bill of costs, had been filed 13 days after the entry of judgment. The District Court Executive accordingly entered an Amended Judgment reflecting an award of attorney's fees on May 16, 2007.

The Plaintiff now moves the Court to reconsider its decision to grant the attorney's fees pursuant to Federal Rule of Civil Procedure 60(a). Reconsideration is available under this rule to correct clerical mistakes in judgments or orders. Fed. R. Civ. P. 60(a). Reconsideration is also available under Rule 60(b) upon a showing of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b).

The Court finds that neither Rule 60(a) nor Rule 60(b) provide a basis for relief in this case. The Plaintiff argues that his objection to the request for attorney's fees contained an error. Specifically, the Plaintiff's objection indicated that "this case has been deemed closed on October 16, 2007," when in fact the case was closed on October 9, 2007. The Defendant's motion for attorney's fees should therefore have been dismissed as untimely under Rule 54(d). However, the time limit imposed by Rule 54(d) began running upon the entry of the judgment, not upon the entry of the Court's summary judgment order. Consequently, the "error" cited by the Plaintiff is not really an error and relief is not available under Rule 60(a).

Relief is also unavailable under Rule 60(b). As the

ORDER DENYING MOTION FOR RECONSIDERATION- 2

```
```

Defendant has argued, the Plaintiff has not cited any newly discovered evidence. Nor has he alleged that relief is appropriate under Rule 60(b)(3)-(6). Accordingly,

**IT IS HEREBY ORDERED** that the Plaintiff's Motion To Reconsider, **Ct. Rec. 71,** is **DENIED.**

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to counsel for the Defendant **and to the Plaintiff**.

**DATED** this ___21st___ day of July, 2008.

                              s/ Fred Van Sickle  
                                Fred Van Sickle  
                              United States District Judge